'UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-428-PPS-AZ |
| ) | |
| KGPCO SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Eric Henderson's Motion to Compel [DE 35], filed on December 31, 2025, and Plaintiff's Motion for 4th Extension of Fact Discovery Deadline [DE 40], filed on January 16, 2026. For the reasons discussed, the Court will grant Plaintiff's motion as to the two interrogatories in question, deny it as to the request for production, and the Court will decline to award attorney's fees and costs. Plaintiff's motion to extend fact discovery is taken under advisement.

**Background**

This is an employment discrimination case in which Plaintiff alleges he was discriminated against by his former employer, KGPCO Services, LLC. *See generally* DE 1 (Compl.). Plaintiff, who is Black, a Jehovah's Witness and 54 years old at the time he was fired, worked as a construction supervisor and alleges that white and Latino coworkers made disparaging comments about his race, religion and age. He says his employer allowed this and refused to accommodate his religious obligations by forcing him to work on Saturdays. *Id.*

1

On November 17, 2025, the same day that Defendant responded to the discovery requests at issue, the Court held a hearing in which it extended the deadline to complete discovery to December 19, 2025. DE 29. The Court further ordered that any discovery-related motion needed to be filed by December 3. *Id.* During that hearing, the Court explained to the parties its preferred procedure for resolving discovery disputes, requesting that in lieu of formal motions to compel, the parties file a shorter joint "Motion for Discovery Ruling" as outlined on the Court's website. *See* [https://www.innd.uscourts.gov/judge-zanzi-discovery-disputes](https://www.innd.uscourts.gov/judge-zanzi-discovery-disputes).

On November 24, Plaintiff's counsel sent Defendant's counsel a letter outlining what he viewed as deficiencies with Defendant's responses to seven interrogatory responses and six requests for production. Plaintiff asked Defendant to respond to his letter by December 1. DE 36-5. On December 3, Plaintiff filed a motion stating that he and Defendant were continuing to work through their discovery issues and requested a 28-day extension of the discovery-related deadlines the Court set at the last hearing. DE 31. The Court granted the request, extending the deadline to complete discovery to January 16, 2026, and the deadline to file discovery-related motions to December 31, 2025. DE 32. In that order, the Court stated that "[a]ny additional requests to extend these deadlines will be disfavored and require a hearing." *Id.*

On December 22, Defendant responded to Plaintiff's letter. In that letter, Defendant amended or supplemented its answers to six of seven interrogatories and provided or identified additional documents in response to five of the six requests for

production. DE 37-7. As to one interrogatory and one request for production, Defendant stood on its objections. The parties do not appear to have ever met in person or talked on the phone regarding the discovery beyond these two letters.

On December 31, Plaintiff filed a motion to compel (not a joint Motion for Discovery Ruling). DE 35. On January 16, 2026, Plaintiff filed his motion for a fourth extension of discovery which he says is necessary in the event the Court grants the relief requested in his motion to compel. DE 40. On January 21, 2026, Defendant filed a response brief outlining its position. DE 41.

## Discussion

"The Court has broad discretion when deciding whether to compel discovery." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). The Court must balance the potential relevance or benefit of discovery sought with its relative burden and expense within the broader context of the case. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). At issue here are two interrogatories and one request for production that Plaintiff argues Defendant has insufficiently responded to.

A.     **Whether Plaintiff Satisfied His Meet and Confer Obligations Before Filing**

Before addressing the substance of the written discovery, the Court will address Defendant's argument that Plaintiff's motion should be summarily denied for failing to comply with the Court's preferred methods for resolving discovery disputes and for failure to comply with the meet and confer requirements imposed by the Federal Rules of Civil Procedure and Local Rules of the Northern District of Indiana. *See* Fed. R. Civ. P. 37(a)(1) (requiring a certification of good faith attempt to resolve discovery disputes before seeking court intervention); N.D. Ind. L.R. 37-1(a) (similar). As mentioned, Defendant responded to the discovery at issue on November 17, 2025. On November 24 (three days before Thanksgiving), Plaintiff sent a letter to Defendant outlining what he saw as its inadequate discovery responses and demanded a response by December 1, presumably to meet the Court's discovery motion deadline of December 3. Defendant did not respond by that date and as mentioned, Plaintiff moved for an extension and the Court extended the deadlines to file discovery motions and complete discovery. Defendant responded in writing on December 22 (three days before Christmas). Plaintiff did not respond to that letter or apparently inform Defendant that any of its responses were inadequate. Instead, he filed his motion to compel a little over a week later on December 31. Perhaps unsurprisingly given this record, Plaintiff did not include the required separate certification stating he had satisfied his good faith meet and confer obligations as required by N.D. Ind. L.R. 31-1(a).

An exchange of letters is typically insufficient to satisfy a party's good faith obligation to meet and confer on discovery issues. *Imbody v. C & R Plating Corp.*, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) ("The few letters exchanged between counsel, however, hardly amount to a good faith attempt at a conference."). "A good faith effort to resolve a discovery dispute 'requires that counsel converse, confer, compare views, consult and deliberate.'" *Id.* (quoting *Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County & Kansas City, Kan.,* 192 F.R.D. 698, 699–700 (D. Kan. 2000)). This is especially true, where as here, the parties' letters on disputed issues do no more than claim one side's response is non-responsive and the other side in turn does not elaborate beyond standing on its objections. *See, e.g.* DE 36-7 ("[Plaintiff's] Letter simply claims KGPCo.'s response is nonresponsive. KGPCo. maintains its objections and response to this Interrogatory, as it is a premature contention interrogatory."). While the Court will not deny Plaintiff's motion on this basis, the Court keeps this in mind as it exercises its discretion in deciding the substance of Plaintiff's motion and especially Plaintiff's request for a further extension of discovery so that he may take depositions that in the Court's view should have been noticed months ago.

**B.     Plaintiff's Interrogatory Nos. 14 and 16.**

Plaintiff's Interrogatory No. 14 asks Defendant to "Identify any Report received by You from January 1, 2022 through the present." DE 36-1 at 12. "Report" is defined to mean "any communication giving You notice of, or relating to, allegations, complaints, or grievances relating to race, religious, or age

5

discrimination." Defendant objected to the scope of this interrogatory and agreed only to identify "complaints it received of race, religious, or age discrimination" involving the coworkers that Plaintiff had identified as harassing him and referred Plaintiff to nine pages of documents that had previously been produced. DE 36-3 at 12. Defendant states in its response that it identified and produced complaints for additional individuals identified by Plaintiff and that it has now fully answered the interrogatory through its amended response. DE 38 at 1-2. In reply, Plaintiff appears to agree he is satisfied with the amended answer but states that Defendant has failed to verify its amended discovery response as is required under Fed. R. Civ. P 33(b). Accordingly, there appears to be no actual dispute remaining as to Interrogatory No. 14, but the Court will order Defendant to comply with the Rule's requirement that all interrogatories be answered under oath, *i.e.* by serving a supplemental verification to the extent that has not already been done.

Plaintiff's Interrogatory No. 16 asks Defendant to "Describe in detail the factual bases for each of the affirmative defenses You asserted." DE 36-1 at 12. Defendant objected to the scope and burden of this Interrogatory but responded subject to those objections that it was answering the interrogatory by referring to all documents it had produced in response to Plaintiff's document requests and reserving the right to amend its answer. DE 36-3 at 13. Interrogatory No. 16 is a classic contention interrogatory, and Defendant's answer is insufficient. "Contention interrogatories ask a party 'to indicate *what* it contends,' 'whether it makes some specified contention,' 'to state all the *facts* on which it *bases* some specified

6

contention,' 'to state all the *evidence* on which it *bases* some specified contention,' 'to take a position, and then to explain or defend that position, with respect to *how the law applies to facts,*' or 'to spell out the legal basis for, or theory behind, some specified contention.'" *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 545 (N.D. Ill. 2005) (quoting *In re Sunrise Securities Litigation,* 130 F.R.D. 560, 590 n. 104 (E.D. Pa. 1989)) (emphasis in original).

Defendant's answers of simply referring to all documents it produced is categorically insufficient under Fed. R. Civ. P. 33(d). That Rule allows a party to produce "business records" in response to an interrogatory "if the burden of deriving or ascertaining the answer [to the interrogatory] will be substantially the same for either party." Fed. R. Civ. P. 33(d). "[T]he responding party must provide a sufficiently detailed specification to ensure that the interrogating party can locate responsive information as efficiently as the responding party itself." *City of Wabash, Indiana v. Aerojet Rocketdne Holdings, Inc.*, 2024 WL 6881599, at *4 (N.D. Ind. Mar. 26, 2024). That "essentially prohibits a document dump in response to interrogatories." *Id.* But that is precisely how Defendant appears to have answered this interrogatory, without any specificity or justification. It is also unclear to the Court how producing business records pursuant to Rule 33(d) would be appropriate for an interrogatory seeking the factual bases for Defendant's affirmative defenses given such an interrogatory focuses on the Defendant's "perspective or knowledge, which is likely unknowable from business records." *Id.* (citing *Kadambi v. Express Scripts, Inc.*, 20115 WL 10985383, *4 (N.D. Ind. July 14, 2015).

7

Defendants furthermore objected to this interrogatory on the basis that when it was originally answered, discovery was ongoing, so the Interrogatory was premature. That argument would have had greater force if it were three months ago. *See Flores v. Guevara*, 2024 WL 4203080, at *2 (N.D. Ill. Sept. 16, 2024) ("There is a general policy to defer contention interrogatories until discovery is near an end, because earlier on parties are not typically bound by their responses to contention interrogatories, and they should not be obligated to answer contention interrogatories repeatedly as evidence accumulates."). But as of now, discovery in this case is closed so concerns about prematurity are nil. Defendant should have sufficient knowledge to answer Interrogatory No. 16 given the information it has available regarding its case and its affirmative defenses. If additional discovery reveals additional bases for Defendant's affirmative defenses, it is required supplement its interrogatory answers in a timely manner pursuant to Fed. R. Civ. P. 26(e)(1). Accordingly, the Court will order Defendant to supplement its answer to Interrogatory No. 16.

**C.    Plaintiff's Request for Production**

Plaintiff's Request for Production No. 1 asks Defendant to produce "All documents identified in your initial disclosures or any exhibit list in this lawsuit." Plaintiff does not contend that Defendant has failed to produce documents in response to this request or that he has been unable to identify relevant documents within Defendant's production of documents. Instead, Plaintiff argues that Defendant has an obligation to identify the documents it has produced with a corresponding category of documents which were previously identified by Defendant in its initial

8

disclosures made pursuant to Rule 26(a)(1). In support of this argument Plaintiff relies upon the language of Rule 34 which states that "a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(e)(i). In response, Defendant says Plaintiff fails to identify any category of documents identified in its Rule 26(a)(1) disclosures which it has not produced and that Plaintiff's request goes beyond what the Federal Rules of Civil Procedure require.

Given the record before it, the Court agrees more with Defendant. While organizing and labeling documents by Bates number to correspond with particular requests is warranted in some situations, that is as an alternative to producing documents "as they are kept in the usual course of business," not a mandatory requirement in all discovery. *Id.* "Rule 34(b) is an anti-sabotage provision: a party may not dump its files into a mail cart, stir well, then wheel it to opposing counsel." *Breunlin v. Vill. of Oak Park*, 2008 WL 2787473, at *4 (N.D. Ill. July 17, 2008). There is no indication that documents were produced in any format other than how they are maintained in the usual course of Defendant's business. Absent such a showing, the Court will not require Defendant to go back through its document production and identify what categories from its Rule 26(a)(1) initial disclosures each of its documents relate to. That would impose a burden that likely outweighs any benefit to Plaintiff.

**D.   Plaintiff's Motion to Extend the Fact Discovery Deadline**

The final issue to discuss is Plaintiff's motion to extend the fact discovery deadline for a fourth time. In his motion, Plaintiff states that he needs an additional 28 days for discovery to conduct certain unspecified depositions that he has said he has wanted to take for months. In prior motions to extend the fact discovery deadline, Plaintiff referenced the need to take depositions of Antonio Vasquezt and a representative of Defendant pursuant to Fed. R. Civ. P. 30(b)(6). *See* DE 31 at ¶ 5 (filed December 2, 2025); DE 28 at ¶ 4 (filed November 12, 2025). The Court references these dates in part to illustrate how three small discovery requests in this case have resulted in three motions for extensions and nearly three months' time. It's unfortunate and one of the reasons why the Court prefers to use an alternative procedure for resolving such routine discovery disputes. But beyond that, from the record before the Court, it is not clear that Plaintiff noticed the depositions of Mr. Vasquezt or if he is a current employee of Defendant, or issued a 30(b)(6) notice of deposition to Defendant prior to the previous discovery deadlines. The Court is reluctant to grant any broad extension without some assurance as to the scope of any remaining discovery and assurance that it can timely be completed by the parties.

## Conclusion

Accordingly, and for the reasons discussed, Plaintiff Eric Henderson's Motion to Compel [DE 35] is **GRANTED in part.** Defendant is **ORDERED** to serve a supplemental response to Interrogatory No. 16 (and an updated sworn verification) by **February 25, 2026.** The remaining relief requested in Plaintiff's motion to compel

is **DENIED.** The Court declines to award any expenses or attorney's fees in connection with the motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

Regarding Plaintiff's Motion for 4th Extension of Fact Discovery Deadline [DE 40], the Court will defer ruling on that motion. The Court **SETS** this matter for a Zoom videoconference hearing (Meeting ID: 161 225 56691; Passcode: 252788) on **March 3, 2026 at 10:30 a.m.** (Central Time). At least three business days before the hearing, Plaintiff is **ORDERED** to file a Notice with the Court stating when he first noticed the deposition of Antonio Vasquezt and deposition Defendant pursuant to Fed. R. Civ. P. 30(b)(6) and attach the notices of depositions. The Court will address any objections to the depositions or deposition topics at the hearing. The Court will then issue a ruling on Plaintiff's request for a fourth extension of the discovery deadline and set strict parameters on any remaining discovery to be conducted.

So ORDERED this 10th day of February 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT